UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KIKI IKOSSI-ANASTASIOU

**VERSUS**                                        CIVIL ACTION NO. 00-883-C

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE a.k.a LOUISIANA
STATE UNIVERSITY, BATON ROUGE CAMPUS

## RULING ON MOTION IN LIMINE AND/OR MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a Motion in Limine and/or Motion for Summary Judgment (Doc. No. 27) filed by defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU). Plaintiff, Kiki Ikossi-Anastasiou, has filed opposition. Jurisdiction is allegedly based on federal question, 28 U.S.C. § 1331. There is no need for oral argument.

### BACKGROUND

On November 27, 2000, plaintiff filed this suit, alleging discrimination based on sex, resulting in constructive discharge, failure to promote, and the unequal provision of pay, benefits and other terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; Title IX of the

Doc#1559

Education Amendments of 1972, Sec. 901 et seq., as amended, 20 U.S.C. § 1681 et seq.; the Equal Pay Act, 29 U.S.C. § 206(d), et seq. ("Equal Pay"); and the Louisiana Employment Discrimination Law.

Plaintiff earned her Ph.D. in Electrical and Computer Engineering from the University of Cincinnati in 1986. She alleges that, in 1990, she began her employment as a faculty member in LSU's Department of Electrical and Computer Engineering. In 1996, plaintiff became a tenured professor at LSU.

For the school year 1997-98, plaintiff requested and was granted a one-year sabbatical leave of absence from LSU. While on this sabbatical leave, plaintiff worked on her ongoing research with the Naval Research Laboratory and continued to draw half her regular salary and benefits from LSU. While still on sabbatical leave, plaintiff's son became very ill and she requested an additional year of unpaid medical leave in order to care for her son. LSU granted the leave for only twelve weeks (August, 1998 - December, 1998) and requested that plaintiff resume teaching in January of 1999.[1] The Spring, 1999 semester was to begin on January 12, 1999.

In January, 1999, plaintiff again requested leave for the Spring, 1999 semester because her son's medical condition had not improved. In January, 1999, plaintiff was informed that if she did not resume her duties on January 12,

---

[1] See Defendant's Exhibit D.

1999, LSU would consider her to have abandoned her position.[2] Plaintiff did not return to work, and LSU notified plaintiff by a January 29, 1999 letter that LSU considered plaintiff to have abandoned her position effective as of the beginning of the Spring, 1999 semester (January 12).[3]

On October 26, 1999, plaintiff sent a letter to the Equal Employment Opportunity Commission, requesting that the letter be considered her official complaint for discrimination on the basis of gender and national origin against LSU[4] and, as previously stated, on November 27, 2000, plaintiff filed this complaint with the court. LSU's motion in limine or in the alternative, motion for summary judgment, now seeks to have the court restrict plaintiff from the introduction of evidence on plaintiff's time-barred claims or summary judgment in favor of LSU, dismissing plaintiff's claims. The court will review this motion as a motion for summary judgment.

## **SUMMARY JUDGMENT**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of fact and that the moving party is entitled to judgment as

---

[2] See Defendant's Exhibit F.

[3] Defendant's Exhibit I.

[4] Defendant's Exhibit M.

a matter of law.[5] The party seeking summary judgment bears the initial burden of setting forth the basis for its motion and identifying the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.[6] Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue of fact for trial.[7] Factual questions and inferences are viewed in the light most favorable to the nonmovant.[8] Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial.[9]

## DISCUSSION

## TITLE IX CLAIM

Plaintiff alleges that LSU discriminated against her based on sex in violation of Title IX of the Education Amendments of 1972. LSU contends that plaintiff's claims under Title IX are time-barred.

Title IX prohibits discrimination on the basis of sex by educational

---

[5] Fed.R.Civ.P. 56©).

[6] **Celotex Corp. v. Catrett**, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[7] **Id.** at 322-23.

[8] **Rogers v. International Marine Terminals, Inc.**, 87 F.3d 755, 758 (5th Cir.1996).

[9] **Celotex**, 477 U.S. at 322.

organizations that receive federal funds.[10] The Supreme Court has held that Title IX is enforceable through an implied right of action.[11] Since Title IX does not contain a statute of limitations, however, the court must apply the "most appropriate or analogous state statute of limitations."[12]

Plaintiff's Title IX claim alleges sex discrimination. In Louisiana, the courts apply the one year limitation period applicable to delictual actions to sex discrimination claims.[13] Hence, the court will apply a one year prescriptive period to this Title IX claim. Further, the Fifth Circuit has held that in civil rights cases, a cause of action commences when the plaintiff "knows or has reason to know of the injury which is the basis for the action."[14]

In the case at hand, all of the events related to plaintiff's termination occurred on or prior to January 12, 1999, the effective date of her termination. Around August or September of 1998, plaintiff was notified by letter that her request for leave for the Spring, 1999 semester had been denied. Thus, plaintiff was aware

---

[10] See 20 U.S.C. § 1681(a).

[11] See **Cannon v. University of Chicago,** 441 U.S. 677, 709, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).

[12] **Goodman v. Lukens Steel Co.,** 482 U.S.C. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).

[13] See LSA-C.C. art. 3492; **Buck v. Vermilion Parish School Board,** 783 So.2d 583 (La. App. 3rd Cir. 3/28/01).

[14] **Kline v. N. Tex. State Univ.,** 782 F.2d 1229, 1232 (5th Cir. 1986)(internal quotations omitted).

of the injury which is the basis for her action as early as August/September, 1998. In addition, in a January 15, 1999 letter, plaintiff expressed her belief that the present and past actions taken against her by LSU were related to the fact that she was a female. However, plaintiff did not file her complaint until November 27, 2000 — well after the one-year prescriptive period began in August/September of 1998. Accordingly, the court concludes that plaintiff's claim of sex discrimination under Title IX is time-barred.

## LOUISIANA EMPLOYMENT DISCRIMINATION ACT

Plaintiff also alleges sex discrimination under the Louisiana Employment Discrimination Act . LSU contends that plaintiff's claims under the Louisiana Employment Discrimination Act have also prescribed.

In Louisiana, discrimination based on sex is prohibited.[15] As previously stated, the prescriptive period for claims brought under Louisiana anti-discrimination statutes is one year.[16] This one year prescriptive period beings to run from the date of notice of termination.[17] LSA-R.S. 23:303(D) also provides that prescription may be suspended for a period of no more than six months during the pendency of an investigation of the claim by the EEOC or the Louisiana Commission on Human Rights.

---

[15] LSA-R.S. 23:1006(A)(1); 51:2231.

[16] LSA-C.C. art. 3492; **Williams v. Conoco, Inc.,** 860 F.2d 1306, 1307 (5th Cir. 1988).

[17] **Eastin v. Entergy Corp.,** 865 So.2d 49, 54 (La. 2/6/04).

Case 3:00-cv-00883-RET-DLD    Document 43    09/26/2006    Page 6 of 11

In the instant matter, plaintiff was denied additional leave in August/September 1998 (termination effective January 12, 1999 and notification by letter dated January 29, 1999). According to Section 23:303(D), plaintiff had one year from that date within which to file her claim, i.e., to August/ September, 1999. Plaintiff also filed a claim with the EEOC, which suspended prescription on plaintiff's claim for a period of not more than six months.[18] This action extended the period within which plaintiff could file her claim to February/March, 2000. However, plaintiff did not sue LSU until November, 2000, well beyond the one-year prescriptive period and the six-month suspension period. Therefore plaintiff's claim under the Louisiana Employment Discrimination Act is also time-barred.[19]

## TITLE VII CLAIM

LSU contends that plaintiff's Title VII claim is time-barred and without merit. Pursuant to Title 42 U.S.C. § 2000e-5(e)(1), a plaintiff may commence a civil action in federal court under Title VII only after she has filed a charge with the Equal Employment Opportunity Commission within 180 days of the alleged unlawful act, or within 300 days of the act if the plaintiff first files with a state or local agency.[20]

---

[18] LSA-R.S. 23:303(D).

[19] See, e.g. **Langley v. Pinkerton's Inc.,** 220 F.Supp.2d 575, 581-82 (M.D. La. 2002)(finding that notwithstanding eighteen-month EEOC investigation, plaintiff's Louisiana employment discrimination claim has prescribed because Section 23:303(D) suspended prescriptive period for only six of the eighteen months)

[20] See 42 U.S.C. § 2000e-5(e)(1); **Dao v. Auchan Hypermarket,** 96 F.3d 787, 789 (5th Cir. 1996).

In the case at hand, plaintiff complains that LSU denied her leave request and terminated her because of her sex. LSU denied plaintiff's request for additional unpaid leave for the Spring, 1999 semester in an August 26, 1998 letter, and gave her notification that her failure to return would be treated as an abandonment of her position in a January 7, 1999 letter. Nevertheless, plaintiff did not file a charge with the EEOC until her October 26, 1999 letter which was received by the EEOC on November 2, 1999. Thus, the denial of plaintiff's leave request occurred over 400 days from the date of her EEOC complaint. Plaintiff's Title VII claims are time-barred.

The court reaches this conclusion even though the effective date of plaintiff's termination, January 12, 1999, and the January 29, 1999 letter confirming plaintiff's termination occurred within the 300-day period. The court finds that these dates are not the operative dates from which the 300-day period begins to run. In **Delaware State College v. Ricks,** the Supreme Court stated that "the relevant inquiry is when [the employer] may be considered to have 'established its official position– and made that position apparent' to [the plaintiff]."[21] Thus, at the latest, the plaintiff knew in September, 1998, based on the August, 1998 letter from LSU that her leave request was denied. Clearly, this action (denial of leave because of plaintiff's sex) would have been an immediate act of discrimination. Thus, the

---

[21] 449 U.S. 250, 262, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)).

Doc#1559    8

Case 3:00-cv-00883-RET-DLD    Document 43    09/26/2006    Page 8 of 11

delayed discharge would not be a discrete act of discrimination, but an inevitable consequence of the earlier decision denying plaintiff's leave request and requiring plaintiff to return to work in January of 1999. Consequently, no discrete discriminatory act took place within the 300-day period and, as previously stated, these claims are time-barred.

## UNEQUAL PAY

LSU contends that plaintiff's unequal pay claims asserted under the Equal Pay Act, 29 U.S.C. § 206 are time-barred. LSU contends that plaintiff's cause of action, if any, under the Equal Pay Act accrued in May, 1997 (or at least prior to August, 1997, when her sabbatical leave commenced) with her last paycheck from LSU for work she actually performed. LSU further contends that plaintiff was required to file her Equal Pay Act suit on or before May or August, 2000 to avoid being entirely time-barred.

An individual suing under the Equal Pay Act must file her complaint within two years after the cause of action accrues or within three years if the defendant acted "willfully."[22] To establish a prima facie case under the Equal Pay Act, a plaintiff must show that: (1) the employer is subject to the Act; (2) she performs in a position requiring skill, effort, and responsibility substantially equal to that performed by the

---

[22] 29 U.S.C. § 216 and 255(a); See **Lusted v. San Antonio Independent School District**, 741 F.2d 817, 822 (5th Cir. 1984).

Doc#1559　　　　　　　　　　　　　　9

male comparators; and (3) that she is paid less than the male comparators.[23] Plaintiff must also show that she performed her work under similar working conditions.[24] A separate Equal Pay Act violation accrues with the alleged underpayment on each regular pay day.[25]

During the one year sabbatical leave (1997-1998 school year), plaintiff only drew half of her regular salary and benefits from LSU. The last time that plaintiff would have worked under similar working conditions as her male comparators then, would have been prior to August, 1997. Further, the last time that plaintiff would have performed in a position requiring skill, effort, and responsibility substantially equal to that performed by the male comparators would also have been prior to August, 1997. Clearly, during her sabbatical leave, plaintiff was not in a position to compare her pay and work performance to her male counterparts. Therefore, plaintiff had until May or August, 2000 to file her unequal pay claim. However, the claim was not filed until November, 2000. Plaintiff's unequal pay claim is time barred.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment filed by defendant,

---

[23] See **Jones v. Flagship Int'l**, 793 F.2d 714, 722-23 (5th Cir.), cert. denied, 469 U.S. 1065 (1987).

[24] See Id.

[25] **Hodgson v. Behrens Drug Co.**, 475 F.2d 1041, 1050 (5th Cir. 1973).

the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, is GRANTED. This case will be dismissed.

Baton Rouge, Louisiana, this 26th day of September, 2006.

*(signature)*
RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA